THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent
 
 
 

v.

 
 
 
Kevin J. Barton,       
Appellant.
 
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2003-UP-187
Submitted January 10, 2003  Filed March 11, 2003 

AFFIRMED

 
 
Chief Attorney Daniel T. Stacey, of SC Office of Appellate 
 Defense, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and 
 Solicitor Robert M. Ariail, of Greenville; for Respondent.
 
 

PER CURIAM:  Kevin Barton was convicted 
 of distributing crack cocaine and distribution of crack cocaine within one-half 
 mile of a school.  Barton was sentenced to five years on the general distribution 
 charge and ten years on the school charge, running concurrently.  Barton appeals, 
 arguing that the trial court erred when it overruled Bartons motion for a directed 
 verdict because the States evidence failed to prove the identity of Barton 
 as the person who distributed the crack cocaine.  
We affirm Bartons conviction pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities:  State v. Williams, 
 321 S.C. 327, 332, 468 S.E.2d 626, 629 (1996) ([A] trial court has a duty to 
 submit the case to the jury where the evidence is circumstantial if there is 
 any substantial evidence that reasonably tends to prove the guilt of 
 the accused or from which his guilt may fairly and logically be deduced.); 
 State v. Burdette, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999) (On a 
 motion for a directed verdict in a criminal case, the trial court is concerned 
 with the existence or non-existence of evidence, not its weight.  If the State 
 presents any evidence which reasonably tends to prove defendants guilt, 
 or from which defendants guilt could be fairly and logically deduced, the case 
 must go to the jury.) (citations omitted) (emphasis added); State v. Kelsey, 
 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) (In reviewing the denial of a motion 
 for a directed verdict, the evidence must be viewed in the light most favorable 
 to the State, and if there is any direct evidence or any substantial circumstantial 
 evidence reasonably tending to prove the guilt of the accused, an appellate 
 court must find that the case was properly submitted to the jury.).
Here, viewing the evidence in a light 
 most favorable to the State, Officer Johnsons description of the person who 
 had assisted James Williams with the drug transaction reasonably matched Bartons 
 appearance, and Bartons proximity to the scene and time of the drug transaction 
 constituted evidence that he was the person who assisted Williams in the drug 
 transaction.  This was sufficient evidence to overcome the directed verdict 
 motion and to submit the case to the jury.
AFFIRMED.
 HEARN, C.J., GOOLSBY, and SHULER, JJ., 
 concur.